# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) <br> ex rel. BUTLER SUPPLY, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> POWER & DATA, LLC, et al., ) <br> ) <br> Defendants. ) | Case No. 4:13-CV-1796 JAR |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Butler Supply, Inc.'s Motion for Summary Judgment. (Doc. No. 14) On June 13, 2014, Defendants Hof Construction, Inc. and Federal Insurance Company filed their response in opposition to the motion. (Doc. No. 30) The motion is fully briefed and ready for disposition. As to Defendant Power & Data, LLC, the Court granted Power & Data until August 27, 2014 to respond to Butler's motion (Doc. No. 33); however, Power & Data filed no response. As a result, Power & Data has not met the requirements of Local Rule 4.01(E), and is deemed to have admitted all facts in Plaintiff's statement of uncontroverted facts. Turner v. Shinseki, 2010 WL 2555114, at *2 (E.D.Mo. June 22, 2010) (citing Deichmann v. Boeing Co., 36 F.Supp.2d 1166, 1168 (E.D.Mo.1999), *aff'd*, 232 F.3d 907 (8th Cir.2000), *cert. denied*, 531 U.S. 877). Accordingly, the motion will be granted in favor of Butler and against Power & Data.

**Background**

Plaintiff Butler Supply, Inc. ("Butler") brings this action against Power & Data, LLC ("Power & Data"), Hof Construction, Inc. ("Hof") and Hof's surety, Federal Insurance Company

("FIC"), under the Miller Act, 40 U.S.C. §§ 3131-3133.[1] Butler further alleges state law claims for breach of contract against Power & Data and quantum meruit against both Power & Data and Hof.[2] (Complaint, Doc. No. 1) Hof asserts cross-claims against Power & Data for breach of contract and indemnity. (Doc. No. 27)

It is undisputed that on September 24, 2012, the United States of America entered into contract number GS06P12GZD0008/GSP0612G2 with Hof, the general contractor for work on the GSA Facility located at 4300 Goodfellow Blvd., Building 107, St. Louis, Missouri ("the Project"). (Plaintiff's Statement of Uncontroverted Material Facts ("PSOF"), Doc. No. 14-1, at ¶ 1) Hof, together with its surety FIC, executed and delivered a payment bond for the protection of all persons supplying labor or materials or both for the Project in the amount of $874,200.00. (PSOF at ¶ 5) Hof retained Power & Data as a subcontractor to perform work on the Project. (PSOF at ¶ 2)

Butler alleges it was a material supplier working at the special instance and request of Power & Data and supplied electrical and other construction materials to Power & Data for use in the Project in the amount of $69,534.41, which amount remains unpaid by Power & Data. (Complaint, Doc. No. 1 at ¶ 6) Butler relies on a credit application executed by Power & Data on June 26, 2012 whereby Butler agreed to sell material to Power & Data and Power & Data agreed to pay for such material. (Doc. No. 14-2 at 2; Doc. No. 14-3 at 12) Butler further alleges that within 90 days of last supplying materials to Power & Data for the Project, it served written

---

[1] Formerly cited as 40 U.S.C.A. § 270a, *et seq*.

[2] Count IV (suit on personal guaranty) against Jeffrey Malks settled and is no longer a part of the instant motion. (Doc. No. 28)

notice of its claim for the unpaid materials on Defendants pursuant to 40 U.S.C. § 3133(b)(2).[3] (Compl. at ¶ 10; Doc. No. 14-3 at 41-48)

In support of its motion for summary judgment, Butler contends the undisputed facts of record show that Power & Data breached its contractual obligations with Butler, Hof was unjustly enriched by the materials furnished by Butler, and that FIC failed to pay Butler pursuant to the terms of the payment bond.

### I.   Legal standard

Summary judgment is appropriate when no genuine issue of material fact exists in the case and the movant is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The initial burden is placed on the moving party. City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., Inc., 838 F.2d 268, 273 (8th Cir. 1988). If the record demonstrates that no genuine issue of fact is in dispute, the burden then shifts to the non-moving party, who must set forth affirmative evidence and specific facts showing a genuine dispute on that issue. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). In determining whether summary judgment is appropriate in a particular case, the Court must review the facts in a light most favorable to the party opposing the motion and give that party the benefit of any inferences that logically can be drawn from those facts. The Court is required to resolve all conflicts of evidence in favor of the nonmoving party. Osborn v. E.F. Hutton & Co., Inc., 853 F.2d 616, 619 (8th Cir. 1988).

---

[3] 40 U.S.C. § 3133(b)(2) provides in relevant part:

> A person having a direct contractual relationship with a subcontractor but no contractual relationship, express or implied, with the contractor furnishing the payment bond may bring a civil action on the payment bond on giving written notice to the contractor within 90 days from the date on which the person did or performed the last of the labor or furnished or supplied the last of the material for which the claim is made.

## II. Discussion

### A. Miller Act

Because subcontractors and suppliers are prohibited from imposing liens on governmental facilities, the Miller Act requires a general contractor on a federal construction project to post a bond to protect those who supply labor or materials for the project. 40 U.S.C. § 3131(b)(2); United States ex rel. Lighting & Power Servs., Inc. v. Interface Constr. Corp., 553 F.3d 1150, 1152 (8th Cir.2009); United States ex rel. United Bhd. of Carpenters & Joiners Local Union No. 2028 v. Woerfel Corp., 545 F.2d 1148, 1150 (8th Cir.1976). The Act allows a subcontractor's materials supplier to bring suit on the bond for any unpaid amounts owing for labor or materials, even if no contractual relationship exists between the general contractor and the supplier. 40 U.S.C. § 3133(b)(2); United States ex rel. J.D. Fields & Co. v. Gottfried Corp., 272 F.3d 692, 696 (5th Cir.2001). The Miller Act is "highly remedial in nature," and its terms should be liberally construed. U.S. ex rel. Country Boys Feed and Farm Supply v. Eickelmann, 2010 WL 750059, at *3 (W.D.Mo. Mar. 2, 2010) (quoting F.D. Rich Co. v. United States ex rel. Indus. Lumber Co., 417 U.S. 116, 124 (1974)).

To prevail on a Miller Act claim, a material supplier need only prove four elements: 1) the materials were supplied for work in the particular contract at issue; 2) the supplier has not been paid; 3) the supplier had a good faith belief that the materials were for the specified work; and 4) the jurisdictional requirements of timely notice and filing are met. United States v. Avanti Constructors, Inc., 750 F.2d 759, 761 (9th Cir.1984) (citing United States ex rel. Carlson Casualty Co. v. Continental Casualty Co., 414 F.2d 431, 433 (5th Cir. 1969)).

**Contractual relationship**

Hof/FIC assert that Butler cannot establish a prima facie case under the Miller Act because there was no "direct contractual relationship" between Butler and Power & Data for the materials invoiced for the Project. (Doc. No. 30 at 2-4) A contractual relationship with either the general contractor or a subcontractor is a prerequisite to recovery under the Act. U.S. for Use & Benefit of Morris Const., Inc. v. Aetna Cas. Ins. Co., 908 F.2d 375, 376-77 (8th Cir. 1990) (citing J.W. Bateson Co., Inc. v. U.S. ex rel.Bd. of Trustees of Nat. Automatic Sprinkler Industry Pension Fund, 434 U.S. 586, 594 (1978)). Butler relies on a general credit application and personal guaranty dated June 26, 2012 that allowed Power & Data to purchase material from Butler on an open account. (Doc. No. 14-3 at 12) Hof/FIC argues this does not constitute a "direct contractual relationship" that would give rise to a Miller Act claim, particularly when the materials were supplied pursuant to a personal guaranty or credit application. (Doc. No. 30 at 3) Hof/FIC relies on United States of America for Use of Gold Bond Building Products v. Blake Construction Co., 820 F.2d 139 (5th Cir. 1987), which held that a guaranty agreement is not the kind of direct contractual relationship necessary to entitle a supplier to Miller Act protection because it is not a contract to furnish material or labor. (Doc. No. 30 at 3)

In Gold Bond, a remote supplier of materials, who had contracted to provide materials to a sub-subcontractor, which in turn sold the materials to the subcontractor, required a payment guarantee from the subcontractor. Id. at 140-41. When the unpaid supplier sought to recover under the general contractor's Miller Act bond, the Fifth Circuit held that the subcontractor's payment guarantee on behalf of its subsidiary did not create the kind of "direct contractual relationship" between the supplier and the subcontractor to entitle the supplier to Miller Act protection because it was not a contract to furnish material or labor. Id. at 142. While the Court

agrees with Gold Bond that such an agreement does not bring a remote supplier under the coverage of the Miller Act, neither the facts nor the holding has any bearing on the instant case.

Moreover, the separate orders of materials under an open account or credit basis, typically represented in purchase orders or invoices, satisfy the Act's underlying contract requirement. U.S. for Use and Benefit of Robert DeFillippis Crane Service, Inc. v. William L. Crow Construction Co., 826 F.Supp. 647, 654-55 (E.D.N.Y. 1993). See also, Noland Co. v. Allied Contractors, Inc., 273 F.2d 917, 919 (4th Cir. 1959) ("Goods purchased on open account necessarily involve a contract between the buyer and seller and it has been so held in cases under the [Act].") (citing United States, to Use of Noland Company, Inc. v. Maryland Casualty Co., 38 F.Supp. 479, 482 (D.C.Md. 1941); American Casualty Co. of Reading, Pa. v. Southern Materials Co., 261 F.2d 197 (4 Cir. 1958)); Ramona Equipment Rental, Inc. v. Carolina Casualty Insurance Co., 755 F.3d 1063 (9th Cir. 2014) (rental equipment supplier brought action under Miller Act against general contractor, its surety and subcontractor for failure to pay for equipment rented from supplier on an open book account established by credit application). The Court thus concludes that Butler has established a contractual relationship with Power & Data entitling it to protection under the Miller Act.

**Notice**

Hof/FIC further asserts that Butler failed to provide proper 90-day notice, a prerequisite to any Miller Act claim. (Doc. No. 30 at 6, 7-8) Material suppliers must satisfy the statutory timing requirements to proceed on any claim against a payment bond. Country Boys, 2010 WL 750059, at *3 (citing Fleisher Eng'g & Constr. Co. v. United States ex rel. Hallenbeck, 331 U.S.

15, 17–18 (1940)). The Miller Act provides two separate timing requirements: (1) the 90–day notice provision; and (2) the one-year statute of limitation. § 3133(b)(2), (4).[4]

Under the 90–day notice provision, "[a] person having a direct contractual relationship with a subcontractor but no contractual relationship, express or implied, with the contractor furnishing the payment bond may bring a civil action on the payment bond on giving written notice to the contractor within 90 days from the date on which the person … furnished or supplied the last of the material for which the claim is made." § 3133(b)(2). "The purpose of the notice requirement is to establish a time after which the principal contractor can pay its subcontractor, certain that it will not be exposed subsequently to the claims of those who have supplied labor and materials to the subcontractor." Country Boys, 2010 WL 750059, at *4 (quoting United States ex rel. John D. Ahern Co. v. J.F. White Contracting Co., 649 F.2d 29, 31 (1st Cir.1981)).

Butler maintains it last provided material ($16.09 worth of switch plates and screws) to the Project on May 7, 2013 per Invoice No. 11333927 (Doc. No. 14-3 at 19), and timely provided notice of its claim on August 2, 2013, via overnight delivery and fax. (Id. at 41-48) Hof/FIC disputes this is proper notice first, because the materials were not supplied pursuant to a direct contractual relationship[5] with Power & Data, and second, because Butler has presented no evidence that this material was ever delivered or used on the Project. (Doc. No. 30 at 5-6, 7-8)

---

[4] Under § 3133(b)(4), a supplier must bring its cause of action "no later than one year after the day on which the last of the labor was performed or material was supplied by the person bringing the action." The parties do not appear to dispute that this action was timely filed. (PSOF at ¶ 19 and Hof/FIC's Resp.)

[5] To the extent a single purchase order dated October 11, 2012 (P.O. No. 12004-2) creates a "direct contractual relationship," Hof/FIC argues that no proper 90-day notice was provided by Butler. (Doc. No. 30 at 6-7) Under the Miller Act, a materialman or laborer need only give notice to a general contractor within ninety days of the last delivery or rendition of services, rather than after each unpaid delivery or provision of labor. Where, as here, there is an open account, a 90-day notice is timely even when it includes material furnished more than ninety days before the notice. Ramona Equipment, 755 F.3d at 1068 (noting this "seems to be the preferred interpretation" among the circuit courts and collecting cases). In other words, if all the goods in a series of deliveries by a supplier on an open

The Court has considered Hof/FIC's first point as discussed above, and concluded as a matter of law that Butler had a contractual relationship with Power & Data by way of its credit application and open account. With respect to Hof/FIC's second point, actual delivery or use of the materials on the Project is immaterial to a supplier's right of recovery; "[a] supplier's good faith belief that the materials were intended for the specified work is enough to carry the day …" Erb Lumber Co. v. Gregory Industries, Ltd., 769 F.Supp. 221, 225 (E.D.Mich. 1991); Carlson, 414 F.2d at 433. "In a summary judgment case once the supplier presents in the form required for factual matter under Rule 56 objective evidence that he supplied materials for the prosecution of the work he is entitled to summary judgment unless the surety comes forward with facts indicating he did not do so." Carlson Casualty, 414 F.2d at 435 (concurring opinion).

Here, Butler has shown by the pleadings and documentary evidence that it supplied the specific material ordered by Power & Data for the Project and that it has not been paid. Specifically, Butler submits exhibits consisting of its last unpaid statement of account (Doc. No. 14-3 at 13-16), copies of its unpaid invoices showing the material furnished, the price thereof, the Project name and location of the jobsite (id. at 17-29), delivery tickets bearing the signatures of Mark March, who worked for Power & Data, as well as other proof of delivery of materials. (Id. at 30-40) Mark March's signature also appears on the May 7, 2013 "pick ticket" for the last items supplied for the Project, which shows the GSA facility as the destination for the material. (Id. at 40) Hof/FIC have not disputed that Butler furnished materials to Power & Data and has not been paid. (PSOF at ¶ 7, 8, 11, 12, 15, 22 and Hof/FIC Resp.)[6] They have presented no evidence to dispute that Butler supplied materials to Power & Data for use on the Project, that

---

book account are used on the same government project, the ninety-day notice is timely as to all of the deliveries if it is given within ninety days from the last delivery.

[6] The Court deems these facts admitted due to Hof/FIC's failure to admit or deny same. Wiser v. Norfolk Southern Ry.Co., 2013 WL 500191 at *1 n.1 (E.D. Mo. Feb. 11, 2013) (citing Lawyer v. City of Council Bluffs, 361 F.3d 1099, 1104 (8th Cir. 2004)).

Butler had a good faith belief that the materials were intended for use on the Project, or that Butler was not paid. See Carlson, 414 F.2d at 435. The Court thus concludes that Butler provided Hof/FIC with timely notice under the Miller Act.

**Payments by Hof**

Although Hof/FIC presented no evidence to dispute that Butler supplied materials to Power & Data in good faith for use on the Project and was not paid, they do dispute that they owe any money to Butler. (Doc. No. 30 at 8; PSOF at ¶ 26, 27 and Hof/FIC Resp.) Hof/FIC assert that they paid Power & Data $215,909.02 on the subcontract for $220,316.02, with its last payment dated June 19, 2013 for $20,796.22. (Affidavit of Rick Hof, Doc. No. 29-3) Hof/FIC argue that had they been aware that Butler was going to contend it had not been paid, Hof could have protected itself by either withholding payment to Power & Data until the matter was resolved or writing two-party checks to Power & Data and Butler. (Doc. No. 30 at 9) Whether or not Hof has paid Power & Data pursuant to their subcontract has no bearing on Butler's Miller Act claim. The Miller Act was enacted to protect those who supply labor or materials for federal construction projects and is to be liberally construed to effect this remedial purpose. Country Boys, 2010 WL 750059, at *3. Furthermore, Hof was in a position to discover if its subcontractors had materials suppliers and to secure lien waivers. The fact that Butler supplied Hof with a partial lien waiver dated June 18, 2013 in the amount of $22,413.85 (Doc. No. 29-2) does not establish that Butler's claim has been paid.

In summary, Butler has met the jurisdictional requirements of timely notice and filing under the Miller Act and established that it supplied materials for work on the Project with a good faith belief that the materials were for the specified work and that it has not been paid.

Accordingly, the motion will be granted in favor of Butler and against Hof/FIC on its Miller Act claim.

### Unjust enrichment/Quantum meruit

Butler has alternatively pled a claim for unjust enrichment/quantum meruit in Count III of its Complaint. Because the Court is entering judgment in favor of Butler on Counts I and II, the Court need not address this alternate claim and will dismiss it without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Butler Supply, Inc.'s Motion for Summary Judgment [14] is **GRANTED** in part as follows:

Judgment on Count I of Plaintiff's complaint is entered in favor of Plaintiff Butler Supply, Inc. and against Defendants Power & Data, LLC, Hof Construction, Inc. and Federal Insurance Company.

Judgment on Count II Plaintiff's complaint is entered in favor of Plaintiff Butler Supply, Inc. and against Defendant Power & Data, LLC.

**IT IS FURTHER ORDERED** that Count III of Plaintiff's Complaint is **DISMISSED** without prejudice.

A separate Judgment will accompany this Memorandum and order.

Dated this 30th day of September, 2014.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**