# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) <br> ex rel. BUTLER SUPPLY, INC., ) <br> ) <br>     Plaintiff, ) <br> ) <br>     v. ) <br> ) <br> POWER & DATA, LLC, et al., ) <br> ) <br>     Defendants. ) | Case No. 4:13-CV-1796-JAR |

## MEMORANDUM AND ORDER

On September 30, 2014, this Court granted summary judgment in favor of Plaintiff Butler Supply, Inc. ("Butler") and against Defendants Power & Data, LLC ("Power & Data"), Hof Construction, Inc. ("Hof") and Federal Insurance Company ("FIC") on on its claim under the Miller Act, 40 U.S.C. §§ 3131-3133 (Count I) in the amount of $69,534.41 plus interest. The Court also granted summary judgment in favor of Butler and against Power & Data on its state law claim for breach of contract (Count II) in the amount of $69,534.41, interest at a rate of 1 ½ % per month from May 7, 2013, and a reasonable attorney's fee. The Court allowed Butler to supplement its briefing on the issue of attorney's fees. (Doc. No. 35)

Butler filed a proposed Judgment on October 7, 2014. (Doc. No. 36) With respect to Count I, Butler requests interest of $9,398.14 computed at a rate of 9% per annum for 18 months. With respect to Count II, Butler provides Power & Data with a $6,000 credit as partial payment. Butler also submits its counsel's time records to support its claim for attorney's fees in the amount of $13,065.00 and costs of $539.00, which includes filing fees and process server's fees. (Doc. No. 36-1)

Hof and FIC filed a response to Butler's proposed judgment on October 14, 2014, requesting the Court reconsider and deny an award of interest on Count I and provide an offset in the amount of $6,000 against the judgment in Count I for monies already paid to Butler. (Doc. No. 38) Because the issue of partial payment raised in Butler's proposed judgment was not addressed in the parties' briefing on summary judgment, the parties were directed to provide the Court with information on the $6,000.00 payment and evidence of set-off. (Doc. No. 39) On November 14, 2014, the parties filed their separate responses to the Court's order. (Doc. Nos. 40, 41, 42)

**Interest on Count I**

The Miller Act does not explicitly provide for the allowance of pre-judgment interest. Therefore, the Act is treated as incorporating the applicable state law on this issue. See, U.S. for Use of Yonker Construction Co. v. Western Contracting Corp., 935 F.2d 936, 942 (8th Cir. 1991) (court applied the state law of Nebraska, place where contract was executed and construction project was located, for determination of whether prejudgment interest was awardable in Miller Act action); U.S. for Use of Confederate Const. Co. v. U.S. Fidelity and Guaranty Co. of Baltimore, Md., 644 F.2d 747, 749 n.2 (8th Cir. 1981) (court applied Arkansas law on the subject of proper interest rate and the time interest begins to accrue). See also, Anno., "Award of Prejudgment Interest Under Miller Act (40 USCS §§ 270a et seq.)," 66 A.L.R.Fed. 901 (1990).

Under Missouri law, prejudgment interest is properly awarded when a claim is liquidated. U.S. for Use and Ben. of Conner Universal Co., Inc. v. Dimarco Corp., 985 F.2d 954, (8th Cir. 1993). A claim is said to be liquidated when it is "fixed and determined," but even if a claim is not strictly liquidated, prejudgment interest may still be awarded if the claim "is readily ascertainable by computation or by determination according to a recognized standard." Id.

(citations omitted). Interest on a liquidated contract claim runs from the date the principal was due and demand was made. Id. (citing Burger v. Wood, 446 S.W.2d 436, 445 (Mo.Ct.App.1969)). Further, "where plaintiff's demand is liquidated, the interposition of an unliquidated counterclaim or set-off does not convert the liquidated demand into an unliquidated one or preclude plaintiff's recovery of prejudgment interest, even though such counterclaim or set-off puts the amount payable in doubt." Id. The decision to award pre-judgment interest on a Miller Act claim is a matter of discretion for the district court. United States v. Seaboard Surety Co., 817 F.2d 956, 965 (2d Cir.1987).

In their response, Hof/FIC argue the Court should reconsider its award of interest in Count I in light of the substantial payments Hof made to Power & Data for Butler Supply materials. The Court has already ruled this has no bearing on Butler's Miller Act claim. The Miller Act was enacted to protect those who supply labor or materials for federal construction projects and is to be liberally construed to effect this remedial purpose. U.S. ex rel. Country Boys Feed and Farm Supply v. Eickelmann, 2010 WL 750059, at *3 (W.D.Mo. Mar. 2, 2010). Moreover, the purpose of awarding prejudgment interest is to fully compensate Butler for its loss when, as here, the amount is liquidated and the applicable state law allows for such recovery. Swope v. Siegel-Robert, Inc., 243 F.3d 486, 497 (8th Cir. 2001).

State law determines the rate of prejudgment interest. Id. (citing Nodaway Valley Bank v. Continental Cas. Co., 916 F.2d 1362, 1367 (8th Cir.1990); Kisco Co., Inc. v. Verson Allsteel Press Co., 738 F.2d 290 (8th Cir.1984). Mo.Rev.Stat. § 408.020[1] should be applied whenever a

---

[1] Mo.Rev.Stat. § 408.020 states that:

Creditors shall be allowed to receive interest at the rate of nine percent per annum, when no other rate is agreed upon, for all moneys after they become due and payable, on written contracts, and on accounts after they become due and demand of payment is made; for money recovered for the use of another, and

rate is not specified because it is the default prejudgment interest rate under Missouri law. Id. (citing Denton Const. Co. v. Missouri State Highway Comm'n, 454 S.W.2d 44, 59 (Mo.1970). Accordingly, the Court will apply Missouri's statutory interest rate of nine percent per annum to determine Butler's prejudgment interest.

**Credit/offset**

According to Butler and Defendants Jeffrey Malks and Power & Data, on June 13, 2014, Butler settled its claim against Malks based on a personal guaranty.[2] The terms of the settlement required Malks to pay Butler $6,000.00 to be credited against Power & Data's interest and attorney's fee award in exchange for being dismissed with prejudice. (Doc. Nos. 40, 41) Hof/FIC argue that the $6,000 settlement should be a credit/offset on all counts involving Power & Data, including Count I. Otherwise, Butler may be in the position to recover more than once on its judgment. (Doc. No. 38 at 2) The Court agrees. While the Miller Act is meant to protect those who supply materials for public projects, the Act was not meant to entitle the supplier to more than it is entitled to recover. See U.S. ex rel. Tennessee Valley Marble Holding Co. v. Grunley Const., 433 F.Supp.2d 104, 116 (D.D.C. 2006) (holding that the absence of privity between general contractor and supplier does not preclude general contractor from seeking recoupment as defense to supplier's Miller Act claim). Accordingly, the Court will apply an offset of $6,000.00 in Count I against the requested judgment of $78,921.50, which includes principal and interest, reducing the judgment total to $72,921.50.

**Attorney's fees**

---

retained without the owner's knowledge of the receipt, and for all other money due or to become due for the forbearance of payment whereof an express promise to pay interest has been made.

[2] Hof/FIC notes that no settlement documentation was provided to the Court. (Doc. No. 42 at 2)

The general principles governing an award of attorney's fees are well settled. Albright v. Bi-State Development Agency of Missouri-Illinois Metropolitan Dist., 2013 WL 4855304 at *3 (E.D. Mo. Sept. 11, 2013) (citing Hensley v. Eckerhart, 461 U.S. 424, 437 (1983)). The party seeking fees bears the burden of establishing and documenting the hours worked and rates claimed. Id. The most useful starting point for determining the amount of a reasonable fee is the "lodestar," that is, the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. Hensley, 461 U.S. at 433; Quigley v. Winter, 598 F.3d 938, 958 (8th Cir.2010). Butler seeks a fee award of $13,065.00, based on 87.1 hours at $150.00 per hour. This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services. The district court should exclude from this initial fee calculation hours that were not "reasonably expended." Albright, 2013 WL 4855304, at *3 (citations omitted).

Butler brought this action against Power & Data, Power & Data's guarantor, Jeffrey Malks, Hof, and Hof's surety, FIC, asserting claims under the Miller Act and for breach of contract. The case was decided on a motion for summary judgment after Malks settled; Power & Data filed no response to the motion. The Court has no issue with the hourly rate requested and time spent generally in researching and litigating Butler's claims against Defendants. However, after careful review of the time records submitted by Butler's counsel, the Court finds the fee request contains some unnecessary billings. Specifically, counsel billed 1.2 hours for preparing a default judgment and supporting affidavit as to Power & Data and Malks, and then another 1.2 hours for filing return of service affidavits on those same parties. Counsel billed 2.0 hours for preparing a memorandum in opposition to all four Defendants' motion for additional time to respond to Butler's summary judgment motion, yet no such memorandum was ever filed with the

Court. Finally, counsel billed 3.9 hours[3] for time spent negotiating a settlement with Power & Data and preparing a release as to Malks, the two parties who were not part of the summary judgment motion. Accordingly, the Court will reduce counsel's compensable time by 8.3 hours and award Butler $11,820.00 in attorney's fees at the rate of $150 per hour for 78.8 hours of work. The Court will also award Butler $539.00 in costs.

For these reasons,

**IT IS HEREBY ORDERED** that the Judgment entered in this action on September 30, 2014 on Count I in favor of Plaintiff Butler Supply, Inc. and against Defendants Power & Data, LLC, Hof Construction, Inc. and Federal Insurance Company, is amended to reflect an offset of $6,000.00 against the requested judgment of $78,921.50, including interest, thereby reducing the judgment in favor of Plaintiff Butler Supply, Inc. to $72,921.50.

**IT IS FURTHER ORDERED** that the Judgment entered in this action on September 30, 2014 on Count II in favor of Plaintiff Butler Supply, Inc. and against Defendant Power & Data, LLC, is amended to award Plaintiff Butler Supply, Inc. attorney's fees in the amount of $11,820.00 and costs in the amount of $539.00, and to reflect an offset of $6,000.00 against the judgment of $100,689.69, including interest, thereby reducing the judgment in favor of Plaintiff Butler Supply, Inc. to $94,689.69.

A separate amended judgment will accompany this Memorandum and Order.

---

[3] 1.2 hours on 12/3/13 (preparing consent judgment as to Power & Data only; correspondence to opposing counsel); .9 hours on 12/13/13 (conference with opposing counsel regarding … settlement options, prepared correspondence); .7 hours on 1/3/14 (reviewed correspondence, prepared letter to opposing counsel rejecting settlement offer and addressing settlement parameters); .4 hours on 6/1/2/14 (settlement negotiations with Power & Data); and .7 hours on 6/30/14 (prepared release as to Guarantor). (Doc. No. 36-1)

Dated this 18th day of December, 2014.

                                           _____
                                           **JOHN A. ROSS**
                                           **UNITED STATES DISTRICT JUDGE**